```
                IN THE UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF TEXAS
                         FORT WORTH DIVISION
```

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY -7 2015

CLERK, U.S. DISTRICT COURT
By _____
       Deputy

| | | |
|---|---|---|
| SOCORRO C. PASCUA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-186-A |
| | § | |
| THE AMERICAN AIRLINES GROUP, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION
### and
### ORDER

Before the court for consideration and decision is the motion of defendants, The American Airlines Group, American Airlines ("American"), US Airways, Deborah Simmons ("Simmons"), Rhonda Ator ("Ator"), Leigh Boggs ("Boggs"), Veronica Blakely ("Blakely"), and Chris Abbey ("Abbey"), (1) to dismiss plaintiff's complaint for failure to state a claim against any defendant on which relief may be granted, and (2) for judgment on the pleadings. After having considered such motion, the response thereto, the complaint of plaintiff, Socorro C. Pascua, and pertinent legal authorities, the court has concluded that such motion should be granted and that all claims asserted by plaintiff against defendants should be dismissed.

I.

<u>Standards to Be Used in Evaluating
Merit of Motion to Dismiss
for Failure to State a Claim</u>

The court's order of dismissal is based on the failure of plaintiff's complaint to state a claim against any defendant upon which relief may be granted.[1] Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. <u>Twombly</u>, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual

---

[1] The court tentatively has concluded that the dismissal would be appropriate as a judgment on the pleadings, but the court is not devoting further attention to that ground of dismissal because plaintiff clearly has failed to allege facts that would state a claim upon which relief may be granted against any defendant.

2

underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 669 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

II.

## Nature of Plaintiff's Complaint

This action is a companion to Case No. 4:14-CV-968-A, styled "Falecia V. Brown, Plaintiff v. U.S. Airways, et al., Defendants," which was the subject matter of a memorandum opinion and order issued in that case on February 4, 2015, and a judgment of dismissal issued on that same date. The plaintiff in the instant action is the co-worker to which reference was made on page 3 of the memorandum opinion and order in Case No. 4:14-CV-968-A.

Plaintiff filed her complaint on March 12, 2015, in a form virtually identical to the complaint filed in the <u>Brown</u> case on December 3, 2014. In the instant action, plaintiff summarized as follows on the first page of her complaint the things she alleged in the following twenty-three pages:

> My [name] is Socorro (Corrie) Pascua, I have worked for American Airlines for over 17 years, the past 7 years or so I worked as a Commissions Auditor. My job duty and description qualified me to review all manner of financial reports, records and PNR's. I was a dedicated employee and had a well established secure network with which I relied upon in commitment to doing my job. This well established network was made up of ex-American Airline employees with fiduciary knowledge and experience where working together with this network I was able to re-coop millions of dollars in loss, fraudulent transactions for positive company profit. <u>I was terminated from employment by AA management because I shared an employee PNR to review for fraud and abuse</u>. I was in the performance of my employment and no fiduciary bond was broken but because the alleged PNR belonged to an AA manager somehow it was deemed illegal by the AA staff that terminated my employment. The PNR was never shared in a manner that was against company policy, but <u>I was singled out because I maintained a great commitment and high performance level for AA and after the merger of AA with US Airways the management of AA was being replaced. I my civil rights to equal employment were violated because the AA management staff was no longer responsible for hiring and firing decisions post the merger</u>. Further, I feel that my status as an Asian American also caused me to suffer an indifference where the same AA managers did not fire a white female employment for company policy violations but the same AA managers cannot rightly show where my conduct was abusive to the well established network I used.

Compl. at 1 (errors in original)(emphasis added).

Though plaintiff mentions sections 1981, 1985, and 1988 of Title 42 of the United States Code in her complaint, Compl. at 2, ¶¶ 3, 4, & 5; Compl. at 9-10, ¶¶ 36 & 37, plaintiff fails to allege any facts that would remotely suggest that she has any claim under any of those sections. A reading of the complaint discloses that, while plaintiff does not allege any facts in support of a Title VII claim, the only claim she is attempting to assert is one under Title VII.

III.

Grounds of Defendants' Motion to Dismiss

The grounds of defendants' motion are as follows:

    A.    The Title VII Claims Against Individual Defendants Should Be Dismissed Because Individuals Cannot Generally Be Held Liable Under Title VII.

    B.    The Title VII and Section 1981 Claims Should Be Dismissed as to All Defendants Because Plaintiff Fails to State a Factual Basis Supporting any Legal Claim.

    C.    Plaintiff's Title VII Wrongful Termination Claim (Count I) Should Be Dismissed Because No Such Cause of Action Exists.

    D.    Plaintiff's Title VII Discrimination Claim (Count II) Should Be Dismissed Because Plaintiff Fails to Plead any Facts Regarding Causation.

Mot. at i.

IV.

## Analysis

While each ground of defendants' motion appears to have merit, the court does not need to discuss any of them in detail. A review of plaintiff's complaint, as reflected by the summary contained on the first page thereof set forth above, discloses that she has a misconception of the purpose and role of 42 U.S.C. §§ 1981, 1985, 1988, and Title VII.

While plaintiff mentions that she is an Asian-American, and that a white female was treated differently from plaintiff when the white female had communicated a threat against management, plaintiff has pleaded no facts from which the court could conclude that any action was taken against plaintiff because of her race or national origin or because of any conduct protected by 42 U.S.C. § 2000e-3. No facts are alleged that would lead to the conclusion that non-termination of the white female employee has relevance. Plaintiff's own summary contains an admission that she "was terminated from employment by AA Management because [she] shared an employee PNR to review for fraud and abuse" and that "[she] was singled out because [she] maintained a great commitment and high performance level for AA and after the merger of AA with US Airways the management of AA was being replaced." Supra at 4. And, she admits that her true complaint was that

6

"[her] civil rights to equal employment were violated because the AA Management was no longer responsible for hiring and firing decisions post the merger." Id. Apparent from a reading of plaintiff's summary, the fact that she is an Asian-American and the fact that a white female was not fired for violating a company policy were something of afterthoughts, without any supporting factual allegations suggesting that either of those factors has the slightest relevance to plaintiff's true complaints.

Plaintiff may or may not have a legitimate complaint against American or its employees for terminating her employment. However, no facts are alleged by plaintiff that would allow this court to infer that plaintiff has any plausible right of relief against any defendant. Therefore, her claims are to be dismissed.

V.

Order

Therefore,

The court ORDERS that all claims and causes of action asserted in the above-captioned action by plaintiff against defendants be, and are hereby, dismissed.

SIGNED May 7, 2015.

_____
JOHN McBRYDE
United States District Judge